**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1887
_____

EXECUTIVE HOME CARE FRANCHISING LLC,

                                      Appellant

v.

MARSHALL HEALTH CORP.; WELL-BEING HOME CARE CORP.;
CLINT MARSHALL; MASSARE MARSHALL;
GREER MARSHALL; JOHN DOES 1-5
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-15-cv-00760)
District Judge: Hon. Jose L. Linares
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 20, 2016

Before: FISHER, CHAGARES and COWEN, <u>Circuit Judges</u>

(Filed: February 23, 2016)

_____

OPINION[*]
_____

COWEN, <u>Circuit Judge</u>.

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Executive Home Care Franchising LLC ("Executive Care") appeals from the order of the United States District Court for the District of New Jersey denying its motion for preliminary injunctive relief. We will affirm.

## I.

Executive Care is engaged in the business of selling in-home health care franchises. On February 25, 2013, Clint Marshall, Massare Marshall, and Greer Marshall entered a franchise agreement with Executive Care. However, they abandoned the franchise on or about January 19, 2015. Executive Care subsequently filed a complaint against the Marshalls, Marshall Health Corp., and Well-Being Home Care Corp., alleging claims for: (1) Declaratory Judgement—Termination of Franchise Agreement and Injunctive Relief; (2) Breach of Contract; (3) Unfair Competition and Violation of the Lanham Act; and (4) Trade Dress Infringement. Defendants filed counterclaims of their own for: (1) Breach of Contract; (2) Breach of Duty of Good Faith and Fair Dealing; (3) Fraudulent Inducement; (4) Tortious or Malicious Interference with Contract; (5) Intentional or Malicious Interference with Prospective Economic Advantage; (6) Violations of the New Jersey Franchise Practices Act; and (7) Unjust Enrichment.

Executive Care moved for temporary restraints and a preliminary injunction. Specifically, they asked the District Court to enjoin Defendants from:

> 1. continuing to operate an Executive Care franchise located in Morristown, New Jersey, or anywhere else due to Marshall Defendants' breach of their payment obligations and the in-term and post-termination restrictive covenant contained in the Executive Franchise Agreement;
>
> 2. Operating a competing, "independent" in-home care business in

2

violation of the express provisions of the parties' franchise agreement;

3. further violating the fair and reasonable non-disclosure, non-competition, and/or non-solicitation clauses in the Franchise Agreement and/or in separate the Non-disclosure and Non-Compete Agreement executed by Defendants; and,

4. from improperly failing to return or otherwise using the clients, caregivers, charts, phone numbers, proprietary materials, trademarks, trade names, trade dress of Executive Care and from holding themselves out to the public as, and operating as Executive Care franchisees or any entity in any way affiliated with Executive Care in order to divert business from Executive Care to Defendants.

Executive Home Care Franchising LLC v. Marshall Health Corp., Civil Action No. 15-760(JLL), 2015 WL 1422133, at *2 (Mar. 26, 2015). Finding that Executive Care failed to show that it would suffer irreparable harm, the District Court denied its motion. Executive Care subsequently filed a claim with the American Arbitration Association. The District Court dismissed both the complaint and the counterclaims without prejudice because the parties agreed that they had entered a valid agreement to arbitrate and that all of the claims (apart from Executive Care's request for a preliminary injunction) were subject to this arbitration agreement.

## II.

In general, injunctive relief represents an extraordinary remedy that should be granted only in limited circumstances.[1] See, e.g., Kos Pharm. Inc. v. Andrx Corp., 369

---

[1] The District Court possessed subject matter jurisdiction pursuant to 28 U.S.C. §§ 1338 and 1367. We have appellate jurisdiction under 28 U.S.C. § 1292. We review a district court's findings of fact for clear error, its conclusions of law *de novo*, and the ultimate decision whether or not to grant a preliminary injunction for an abuse of discretion. See, e.g., McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009)

F.3d 700, 708 (3d Cir. 2004).  In order to obtain a preliminary injunction, a party must establish:  "(1) a likelihood of success on the merits; (2) he or she will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief."  Miller v. Mitchell, 598 F.3d 139, 147 (3d Cir. 2010) (citing Child Evangelism Fellowship of N.J. v. Stafford Twp. Sch. Dist., 386 F.3d 514, 524 (3d Cir. 2004)).  We conclude that the District Court properly disposed of Executive Care's motion for a preliminary injunction on the basis of the "irreparable harm" requirement.

According to Executive Care, the District Court "committed legal errors by abandoning the longstanding precedent finding irreparable harm in franchise cases and ignoring Executive Care's overwhelming evidence of irreparable harm."  (Appellant's Brief at 13.)  However, we are "satisfied that Defendants are no longer using nor creating a potential for confusion regarding Plaintiff's trademarks."  Executive Care, 2015 WL 1422133, at *5.  Defendants returned thirteen boxes of documents, stationery, manuals, marketing materials, and other items to Executive Care.  Counsel for Executive Care acknowledged that, "[a]s a far as I know, they have delivered all of the stuff in their possession that has Executive Care trademarks, and they have delivered back a copy of the operations manual and those materials that we referenced in our papers."  (A238.)  Counsel further admitted that Defendants are no longer operating out of the franchised location and are no longer physically using his client's mark or trade name.  Instead, "[t]hey are using Well-Being Home Care Corp."  (A239.)  The parties have worked to

4

transfer the telephone number back to Executive Care. In addition, Defendants evidently informed their existing clients that they are no longer associated with the Executive Care system. Given these circumstances, we believe that (even though Defendants may have agreed in the franchise agreement that Executive Care would be entitled to an injunction if it established a substantial likelihood of breach or threatened breach and recognized that the failure to comply with the franchise agreement would likely cause irreparable harm) the District Court committed no reversible error by denying a request for an extraordinary remedy.[2]

III.

For the foregoing reasons, we will affirm the order of the District Court.

---

[2] Executive Care specifically attacks the District Court for ignoring two prior decisions: Jackson-Hewitt, Inc. v. Dupree-Roberts, Civ. No. 13-00388, 2013 WL 4039021 (D.N.J. Aug. 7, 2013), and H & R Block Tax Services, LLC v. Strauss, No. 1:15-CV-0085 (LEK/CFH), 2015 WL 470644 (N.D.N.Y. Feb. 4, 2015). However, district court rulings do not constitute binding precedent (and H & R Block was not even decided by a district court in this Circuit). The two opinions are also distinguishable (e.g., the defendants continued to operate out of their respective franchised locations, H & R Block, 2015 WL 470644, at *1; Jackson-Hewitt, 2013 WL 4039021, at *1).